The case came before the Superior Court on the following case stated: —
John Elliott died seized of five eighth parts of a tract of land of about 392 acres, having made his will by which he bequeathed "to his daughter Mary Inslee, the sum of one shilling to her and her; heirs forever; but should (his) daughter Mary Inslee become a widow, it was then his will and desire that she should have two-thirds of a child's part of his estate; and should she not become a widow, it was his will and desire that her two daughters, Kitty and Ritty Inslee, should have one hundred dollars each paid to them by his executors, when they arrived to the age of twenty-one years old, to them and their heirs forever;" and he devised the residue of his estate to his four sons.
Mary Inslee became a widow after her children Kitty and Ritty Inslee attained the age of twenty-one years; and died two days after her husband. *Page 92 
The lessors of the plaintiff were the heirs at law of Mary Inslee, and claimed under the above devise to her of two-thirds of a child's part of the estate of John Elliott, if she should become a widow.
The judgment was rendered in Sussex, at the April term, 1848, Judges Booth and Milligan being present; and, by the order of sitting established under the Constitution, Judge Harrington would have sat in appeal, even if he had sat below; but not having sat below, and being qualified for that reason to sit on appeal, the court, under the provision of the Constitution, to prevent inconvenience and delay, made an order for Judge Milligan to sit in this court. This cause was, therefore, tried before the Chancellor and Judges Harrington, Milligan and Wootten.
Bayard. — The case depends on the construction of the will of John Elliott, and on the question whether Mary Inslee, his daughter, took any vested interest under the devise to her. The cardinal principle is the intent of the testator, which is to be ascertained, not by conjecture, but on certain rules of construction.
1. All parts of the will must be taken together, so as to form a, whole if possible; but if different parts clash and cannot be reconciled, the last clause must prevail; differing therein from deeds. [6 T.R. 314; 2 Taunt. 109; 1 Swanst. 29; 18 Ves. 421; 6 Vesey 100; 3 M. Selw. 158, 163.]
2. Events happening subsequent to the date of the will cannot vary its construction. [11 Ves. 457.]
The legacies are in the alternative; to pay Mary Inslee, if she becomea widow; and if she does not become a widow, then to her two children, to be paid to them at their age of twenty-one years. This necessarily limits the bequest to Mary Inslee, to her becoming a widow before herchildren came of age.
Both the legacies cannot vest; one must yield to the other. If Mary Inslee became a widow before the children came of age, she would be entitled to the money; if the children came of age before she became a widow, the legacy vested in them, and they could recover it. When, therefore, their right to it became perfect, the prior inconsistent bequest failed.
If there had been no time fixed for the payment of the money to the grandchildren, both devises might have stood; but the devise to them at age necessarily limits the previous devise to their mother, if she became a widow, to the time before payment of the legacy to the mother. *Page 93 
 Layton. — The argument of Mr. Bayard goes too far. If his construction be the correct one, it entirely defeats the will of John Elliott, for by it neither Mary Inslee nor her children would be entitled. They could not be entitled on their coming at age merely, so as to defeat the bequest to their mother, in case she should at any time become a widow; and if she was not entitled on her becoming a widow, neither she nor her children could be entitled.
The children would be entitled only on the death of their mother, a feme covert, and also on their attaining full age. The heir at law cannot be disinherited, unless by express words or necessary implication. [6 Cruise's Dig. 173; Prec. Ch. 473.]
Mr. Bayard replied.
Judgment. — The court being of opinion that the devise to Mary Inslee, the daughter of the testator, she having become a widow, thereupon took effect and became vested, it is therefore considered and adjudged by the court that the judgment of the Superior Court be and the same is hereby in all things affirmed, the record remanded and the costs in error be paid by the plaintiff in error.
 Judgment affirmed.